Tagged Opinion



**ORDERED in the Southern District of Florida on April 17, 2009.**

           **Laurel M. Isicoff, Judge**
           **United States Bankruptcy Court**

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                                                          Case No. 08-18101-BKC-LMI

MARIA D. LOPEZ                                                                    Chapter 13

        Debtor.
_____/

**AMENDED ORDER SUSTAINING DEBTOR'S
OBJECTION TO CLAIM OF JOSE RODRIGUEZ[1]**

This matter came before the Court on March 5, 2009, on Debtor Maria Lopez' Objection to Claim of Jose Rodriguez [Claim #7] (DE #65); and Response to Debtor's Objection to Claim (DE #72) and Supplemental Memorandum of Law in Response (DE #77) filed by Creditor Jose Rodriguez ("Rodriguez"). The Court has reviewed the pleadings filed by the parties, the record, the argument of counsel, and all other matters. For the reasons stated below, the Debtor's objection to Claim #7 of Jose Rodriguez is SUSTAINED.

---

[1] Order amended to correct certain typographical errors.

## ANALYSIS

Rodriguez, the Debtor's ex-husband, filed an unsecured priority claim in the amount of $64,002.75. The proof of claim, which identifies the obligation as a domestic support obligation entitled to priority pursuant to 11 U.S.C. §§507(a)(1)(A) or (a)(1)(B), arises from an award of attorney fees in a dissolution proceeding. The Debtor objects to Rodriguez' proof of claim on the basis that the award of attorney fees upon which the proof of claim is based is not a domestic support obligation and therefore is not entitled to priority status. The Debtor's objection seeks to treat the full amount claimed as a general unsecured claim.

Section 507(a) of the Bankruptcy Code provides that certain claims are entitled to priority status; among these are domestic support obligations owed to a former spouse. While an award of attorney fees may be considered a domestic support obligation, as more fully discussed by this Court in *Manz v. Palomino (In re Palomino)*, 355 B.R. 349 (Bankr. S.D. Fla. 2006), not every award of attorney fees in a dissolution proceeding will be considered as such. *See also Simon, Schindler & Sandberg, LLP v. Gentilini (In re Gentilini)*, 365 B.R. 251 (Bankr. S.D. Fla. 2007).

A "domestic support obligation," as used in section 507(a)(1), is defined at 11 U.S.C. § 101(14A):

> The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable non-bankruptcy law notwithstanding any other provision of this title, that is –
> (A) owed to or recoverable by –
>   (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>   (ii) a governmental unit;
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or

        child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
- (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of –
   - (i) a separation agreement, divorce decree, or property settlement agreement;
   - (ii) an order of a court of record; or
   - (iii) a determination made in accordance with applicable non-bankruptcy law by a governmental unit; and
- (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt

In order for a debt to be considered a domestic support obligation, it must meet all four requirements of section 101(14A).

    The only element of section 101(14A) in question in this case is whether the attorney fees are "in the nature of alimony, maintenance, or support." Citing to a number of cases interpreting the pre-BAPCPA[2] version of 11 U.S.C. §523(a)(5),[3] Rodriguez argues that because the attorney fees on which the proof of claim is based are related to a custody, parentage, or visitation matter, the fees are in the nature of support. Rodriguez reads the case law too broadly.

    The determination of whether a debt is "support" is a matter of federal law. *Strickland v. Shannon (In re Strickland)*, 90 F.3d 444, 446 (11th Cir. 1996). When determining whether an award of attorneys' fees in a state court action constitutes support "the Bankruptcy Court may

---

[2] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

[3] BAPCPA modified certain provisions relating to obligations arising from "alimony, maintenance, or support" – renaming these obligations "domestic support obligations" and refining, and with respect to the standing of certain claimants, expanding, the scope of the definition. Consequently, case law decided before BAPCPA, does, to some extent, continue to have applicability to post-BAPCPA cases, including the resolution of the extent of the priority status of attorney fee awards in connection with domestic matters.

only undertake a simple inquiry as to whether the debt can be characterized as 'support.'" *Smallwood v. Finlayson (In re Finlayson)*, 217 B.R. 666, 669 (Bankr. S.D. Fla. 1998) (citing *In re Harrell*, 754 F.2d 902, 906 (11th Cir. 1985)). "Since federal law controls, a domestic obligation may be deemed in the nature of support under §523(a)(5) even though it may not be classified as support under state law." *Id.* However, the Court may look to state law for guidance on whether the obligation should be considered "in the nature of support." *Id.* (citing *In re Jones*, 9 F.3d 878, 880 (10th Cir. 1993)). Thus, despite Rodriguez' assertions to the contrary, not every obligation created in connection with, or arising out of, a domestic matter, *ipso facto*, qualifies as a domestic support obligation.

The attorney fees award upon which the proof of claim is based arises from the family court's Order Taxing and Awarding Attorney Fees and Costs and Supplemental Final Judgment entered in the Debtor's and Rodriguez's divorce action [*In re Lopez v. Rodriguez*, Case No. 06-22218 FC 17, ¶7 (Miami-Dade Cir. Ct. Family Div. April 8, 2008) (attached as exhibit to Claim of Creditor Jose A. Rodriguez, Claim #7-1)] (the "State Court Order"). The State Court Order, which was entered after the family court entered its Final Judgment of Dissolution of Marriage, specifically held that "[t]his Court's award of attorney fees and costs in favor of the former Husband is based upon and supported by the bad faith litigation misconduct of the former Wife, and ***is not based upon the respective wages or ability of the parties to pay***." (Emphasis added). The plain language of the State Court Order contradicts Rodriguez' assertion that the award was for "support," whether this Court looks at the state law definition of support or the federal law definition of support.

Rodriguez relies on Section 61.16 of the Florida Statutes, cited in his supplemental memorandum. Fla. Stat. §61.16 governs the award of attorney fees in divorce proceedings. It provides:

> (1) The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings and appeals…. In determining whether to make attorney's fees and costs awards at the appellate level, the court shall primarily consider the relative financial resources of the parties, unless an appellate party's cause is deemed to be frivolous. …
> (2) In an action brought pursuant to Rule 3.840, Florida Rules of Criminal Procedure, whether denominated direct or indirect criminal contempt, the court shall have authority to:
>> (a) Appoint an attorney to prosecute said contempt.
>> (b) Assess attorney's fees and costs against the contemptor after the court makes a determination of the contemptor's ability to pay such costs and fees.
>> (c) Order that the amount be paid directly to the attorney, who may enforce the order in his or her name.

Fla. Stat. §61.16. The purpose of this section is to ensure that both sides in dissolution have "similar ability to obtain competent legal counsel." *Rosen v. Rosen*, 696 So.2d 697, 699 (Fla. 1997). Rodriguez argues that Fla. Stat. §61.16 is the basis for "[a]ny determination regarding an appropriate award of attorney fees in proceedings for dissolution of marriage[.]" [Supplemental Memorandum of Law by Creditor Jose Rodriguez, at ¶2 (DE #77)]. However, Fla. Stat §61.16 is not the *only* basis the family court could rely upon to award fees. Indeed, although the State Court Order did not cite any particular legal basis for the award, it does not appear the award was based on section 61.16 since the family court judge specifically held that the award is based on her previous finding that "the Husband is entitled to recover his reasonable litigation expenses

Case No. 08-18101-BKC-LMI

and attorney fees in defending against the ***non chapter 61*** claims to the extent that those claims were first litigated in the instant case." [State Court Order, ¶ 4][4] (emphasis added).

Rodriguez additionally argues that because both parties submitted their financial information to the family court, and the Family Court Judge at some point considered the parties' respective finances prior to entering the State Court Order, then, notwithstanding the explicit language of the State Court Order to the contrary, the award of attorney fees was made upon the family court's consideration of financial resources and is therefore in the nature of alimony, maintenance or support. Since the family court judge in the State Court Order made clear the relative finances of the parties was not a factor she considered in awarding the fees, Rodriguez' argument is specious.

Because neither Florida law nor federal law supports Rodriguez's claim that the fee award is a "domestic support obligation," the proof of claim is not entitled to priority status. Therefore it is

ORDERED

(1) Debtor's objection to Jose Rodriguez' claim [Claim #7] is SUSTAINED.

(2) Claim #7 of creditor Jose Rodriguez is allowed in the full amount of $64,002.75 as a general unsecured claim.

# # #

*The Clerk of Court shall serve a copy of this Order on all interested parties.*

---

[4] Florida Statutes chapter 61 governs all dissolution of marriage, child custody and support matters.